# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DAVID H. KINNARD; ROGER I KINNARD; MARK W. REINITZ; and SPRINGFIELD HOLDING COMPANY, an Oklahoma Limited Liability Corporation,** | ) ) ) ) ) ) | |
| **Plaintiffs,** | ) | |
| v. | ) ) | CIV-07-250-R |
| **ROBERT L. STONE a/k/a ROBERT L. STONE II; CYNTHIA A. STONE; THE CHILDREN'S FUND, an Illinois limited liability company; and ROBERT STONE, M.D.,** | ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## ORDER

This matter comes before the Court on the Motion to Compel Witness Information, filed by Defendants, pursuant to Federal Rule of Civil Procedure 37. Plaintiffs responded in opposition to the motion. Having considered the parties' submissions, the court hereby orders the following.

Defendants are seeking information to aid them in locating a former employee of the Plaintiffs, Jeremy White. Defendants were previously provided Mr. White's last known address by the Plaintiffs, but this information has not aided Defendants in locating him. As a result, Defendants seek the following from Plaintiffs: (1) Jeremy White's social security number; (2) his last known telephone number; (3) his drivers' license number; and (4) a copy

of Mr. White's W-2.[1]  Plaintiffs object to production of this information, citing confidentiality concerns and asserting that Mr. White, who terminated his employment with the OIG in December 2003, is not likely to have relevant information.  Plaintiff notes that the first alleged transfer of Defendants' interests occurred in 2004, after Mr. White ceased his employment at OIG.

The Court concludes that Defendants are entitled to identifying information in an effort to locate Mr. White to determine whether he may possess knowledge relevant to the parties' instant dispute.  The Court concludes, however, that providing Defendants with Plaintiff's social security number and drivers' license number should provide a sufficient basis for locating Mr. White.  A form W-2 will not provide relevant information beyond his address, which Defendants have already obtained, and his social security number, which shall be independently provided.  Additionally, the parties should agree to a protective order to preclude the dissemination of this information.

For the reasons set forth herein, Defendants' motion to compel is granted in party and denied in part.

IT IS SO ORDERED this 25th day of March 2008.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] In their reply brief Defendants assert that Plaintiffs do not have Mr. White's telephone number. Accordingly, that request is hereby stricken as moot.

2