## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DAVID H. KINNARD; ROGER I KINNARD; MARK W. REINITZ; and SPRINGFIELD HOLDING COMPANY, an Oklahoma Limited Liability Corporation,** | ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | CIV-07-250-R |
| **ROBERT L. STONE a/k/a ROBERT L. STONE II; CYNTHIA A. STONE; THE CHILDREN'S FUND, an Illinois limited liability company; and ROBERT STONE, M.D.,** | ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## ORDER

This matter comes before the Court on the motion for partial summary judgment, filed by Plaintiffs and addressing their claims against Defendants Robert L. Stone, Cynthia A. Stone and The Children's Fund. The relevant Defendants responded in opposition to the motion. Having considered the parties' submissions, the motion is granted in part and denied in part.

### STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 561 F.2d 202, 204 (10th

Cir.1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed.R.Civ.P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c) except the mere pleadings themselves." *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir.1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587.

## DISCUSSION

Plaintiffs filed this action seeking a declaratory judgment that Defendants own no interest in certain properties, collectively referred to as the Oklahoma Investment Group. Plaintiffs concede that at some point in time Defendants Robert and Cynthia Stone owned interests in Physicians & Surgeons Building, Ltd., L.L.C., Cinnamon Creek, L.L.C., Windrock Associates, Peppertree Partners, an Oklahoma Limited Partnership, Peppertree Partners, an Oklahoma Corp., Summer Pointe Partners, an Oklahoma Limited Partnership

and Summer Pointed Partners, Inc.  Plaintiffs contend that at various times, starting in 1997, Defendants Robert and Cynthia Stone assigned their interests in each of these entities to Plaintiff David Kinnard, and thus, Defendants Robert and Cynthia Stone have no remaining interests in these entities or the properties owned by the entities.  Robert and Cynthia Stone filed counterclaims alleging that the alleged transfer and assignments to David Kinnard were void for lack of consideration and lack of definiteness.  Defendants also contend that even if they assigned their interests away, that in 2001 they had transferred ninety-percent of their original interests to The Children's Fund, LLC, thus only ten percent of their original interests were transferred.  Plaintiffs argue that the alleged transfers by Robert and Cynthia Stone to The Children's Fund, LLC, were not effective in 2001, because The Children's Fund was not organized until 2004.

At the outset the Court notes that Defendants concede that they transferred their interest in the Physicians & Surgeons Building and thus Plaintiffs are entitled to summary judgment with regard to this property.  The question remains whether Plaintiffs are entitled to summary judgment with regard to the ownership of Cinnamon Creek, L.L.C., Windrock Associates, Peppertree Partners, an Oklahoma Limited Partnership, Peppertree Partners, an Oklahoma Corp., Summer Pointe Partners, an Oklahoma Limited Partnership and Summer Pointed Partners.

## **DISCUSSION**

Defendants raise a challenge to the affidavit of Plaintiff Mark Reinitz, exhibit 1 to the motion for partial summary judgment, asserting that the Court should disregard the documents proffered in conjunction with the affidavit because the documents are not properly authenticated.

Rule 56(e)(1) of the Federal Rules of Civil Procedure requires that "[i]f a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit." Defendants correctly note that although Mr. Reinitz's affidavit references and is attached to numerous papers, the affidavit does not authenticate any of the documents. Rather than seeking to submit a late authentication, Plaintiffs challenge the application of this rule, arguing that the affidavit is "sworn to and is based on Mr. Reinitz's personal knowledge and review of 'books and records.'". Reply Brief, p. 4. Mr. Reinitz, however, was "required to identify, under oath, the source of the documents and that they had not been altered." *Taylor v. Principi*, 141 Fed.Appx. 705 (10th Cir. June 28, 2005). Defendants timely objected to the Court's consideration of the evidence, the objection is well-founded, and thus the documents attached to his affidavit will not be considered. As a result, summary judgment is not appropriate with regard to any of the remaining properties with regard to the interests of Robert L. Stone and Cynthia Stone.[1] The issue of the transfer to the Children's Fund presents a different matter.

---

[1] The Court also notes that contrary to Plaintiff's assertions, a parties' failure to perform or furnish the agreed upon consideration may provide the basis for recision of a contract. *See Bonner v. Oklahoma Rock Corp.*, 861 P.2d 1176, 1186 (Okla. 1993). Furthermore, the mere fact that the assignments recite that the stated consideration has passed may be contradicted by parole evidence. *Id.*

Defendants do not deny that the Articles of Organization for The Children's Fund were not filed with the Illinois Secretary of State until February 10, 2004. Defendants argue, however, that they signed the forming documents in 2001, and that they were not required to file the documents with the Secretary of State in order for The Children's Fund to hold property.

Pursuant to Illinois Statute Chapter 805 § 180/5-5, "[a] limited liability company is organized at the time articles of organization are filed by the Secretary of State or at any later time, not more than 60 days after the filing of articles of organization, specified in the articles of organization." Accordingly, The Children's Fund was not organized, and thus could not hold property, until February 10, 2004, the date of filing of the Articles of Organization. Defendants' theory that "[r]egistration . . . is not necessary to exist" and that "[p]artnerships, like families, are prior to the State and exist independent of it[,]" are not availing. Accordingly, the Court concludes that as a matter of law, the Stones did not effectively assign any interests in the subject properties to The Children's Fund. Accordingly, Plaintiffs are entitled to a declaratory judgment with regard to the alleged ownership interest of The Children's Fund. The Court concludes as a matter of law that the Children's Fund did not receive ninety-percent of the Stones' interest in the OIG properties at issue herein.

The Court concludes that with the exception of the Physicians & Surgeons Building and the alleged transfer to The Children's Fund, that genuine issues of material fact remain with regard to whether Defendants' retained any interest in any of the properties at issue herein. Accordingly, the motion for partial summary judgment is hereby GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED this 15th day of May 2008.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE